## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

MICHAEL GERMAN,

                                 Petitioner,

        v.                                  9:17-CV-412
                                           (GTS/ATB)

THOMAS GRIFFIN, Superintendent

                                 Respondent.

MICHAEL GERMAN, Petitioner, pro se
MARGARET A. CIEPRISZ, Ass't Att'y Gen., for Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the

Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C.

§ 636(b) and N.D.N.Y. Local Rule 72.3(c).

Petitioner, currently incarcerated at Elmira Correctional Facility[1], filed this

petition, pursuant to 28 U.S.C. § 2254, challenging a 2015 judgment of conviction for

two counts of Assault in the Second Degree in Cayuga County Court. (Dkt. No. 1,

Petition ("Pet.") at 1[2]).  Petitioner was sentenced to a term of six years imprisonment,

with five years of post-release supervision.  The Appellate Division, Fourth Department

unanimously affirmed his conviction, and the New York Court of Appeals denied leave

to appeal.  *People v. German*, 145 A.D. 3d 1550 (4th Dep't 2016), *lv. denied*, 28 N.Y.3d

---

[1] When he filed this petition, petitioner was incarcerated at Green Haven Correctional Facility. (Pet. at 1).

[2] The citations for the Petition and Respondent's Memorandum of Law refer to the pagination generated by the court's electronic filing system ("CM/ECF").  Citations to the State Court Record ("SR.") and Trial Transcript ("TT.") refer to their original pagination.

1184 (2017).

Petitioner originally filed this petition in the Southern District of New York, and the matter was transferred to this district. (Dkt. No. 4). He has raised five grounds for relief: (1) the trial court violated his constitutional rights by keeping him in leg shackles for the majority of his trial; (2) the trial court failed to give a proper instruction to the jury regarding the shackles; (3) he was deprived of his right to be present at five sidebar conferences during the trial; (4) the evidence against him was legally insufficient to support the charges against him; and (5) the jury's verdict was against the weight of the evidence. (Pet. at 4). Respondent has filed an answer to the petition, together with the pertinent state court records and a memorandum of law. (Dkt. Nos. 19-21). For the following reasons, this court agrees with respondent and will recommend dismissal of the petition.

## DISCUSSION

## I. Relevant Facts

Respondent has included a detailed description of the facts and procedural history of this case. (Dkt. No. 19 at 5-10). This court will summarize the relevant facts for clarity, and will discuss specific facts as necessary in the analysis of petitioner's claims.

### A. Incident at Auburn Correctional Facility ("Auburn")

On May 24, 2013, petitioner was an inmate at Auburn, and was involved in a physical altercation with several correctional officers while he was being escorted to a medical evaluation. (TT. 204, 209, 307-309). During the incident, Sergeant Lyn Dick,

an Auburn correctional officer, suffered cuts to his face and injuries to his back and shoulder. (TT. 226-29). His injuries eventually required surgery, and the resulting physical limitations led him to retire. (*Id.*) Correctional officer Kenneth Scharett suffered a wrist injury during the incident that required physical therapy, caused him to miss a week of work, and limited him to light duty for approximately one month after he returned to the job. (TT. 355).

   B.   **Trial and Sentencing**

   As a result of the incident, petitioner was indicted on three counts of Assault in the Second Degree. The first count, under New York Penal Law § 120.05(7), charged him with causing an intentional injury to Sergeant Dick while petitioner was confined in a correctional facility. (SR. 59). The remaining two assault counts, under New York Penal Law §120.05(3), charged petitioner with causing a physical injury to peace officers, with the intent to prevent the officers from performing a lawful duty. (*Id.*)

   Petitioner had a three day jury trial before Cayuga County Court Judge Thomas G. Leone, commencing on April 20, 2015. (Dkt. Nos. 21-3, 21-4). Judge Leone granted petitioner's pre-trial motion that his handcuffs and leg shackles be removed prior to his arrival at the defense table. However, the judge warned petitioner that if he was disruptive or caused any issues during the trial, the court would have him placed in leg irons or handcuffs. (TT. 5-6). Prior to the jury's entrance into the courtroom on the second day of trial, Judge Leone ordered that petitioner be kept shackled at the ankles, but allowed removal of his handcuffs. (TT. 243). Judge Leone did not put any reasons

3

for this new order on the record, and petitioner's counsel did not object.[3] (*Id.*).

The prosecution presented nine witnesses during the trial, including the two injured correctional officers. (TT. 196-367). Petitioner testified in his own defense. (TT. 377-412). Prior to petitioner's testimony, Judge Leone ordered that petitioner's leg shackles be removed and that he be escorted to the witness stand outside the presence of the jury.[4] (TT. 370-72). Petitioner testified that he did not attack any of the correctional officers. Instead, Sergeant Dick had threatened petitioner just before the escort, and then joined four other correctional officers in attacking petitioner. (TT. 377-82). When his testimony was complete, the jury was removed from the courtroom before petitioner was escorted back to the defense table. (TT. 412).

On April 22, 2015, the jury found petitioner guilty of the two counts of second degree assault in violation of New York Penal Law § 120.05(3), and acquitted him of the second degree assault charge under New York Penal Law §120.05(7). (T. 482). On June 25, 2015, Judge Leone sentenced petitioner to concurrent determinate terms of six years on each count, and five years of post-release supervision. (SR. 54).

## C.    State Court Appeal

With the assistance of new counsel, petitioner filed a direct appeal, arguing that (1) the trial court's decision to shackle him on the second day of trial denied him the

---

[3] Petitioner interrupted Sergeant Dick's testimony and accused him of lying on the second day of trial, but this occurred after he had been shackled, so it was not the basis for Judge Leone's new order. (TT. 254-57).

[4] The trial transcript also references shackles around petitioner's waist, but it is unclear when these shackles were placed on petitioner, and whether they were present during his testimony. (TT. 361).

right to a fair trial and violated his rights under the Fifth and Fourteenth Amendments; (2) the trial court erred by failing to instruct the jury regarding the use of restraints; (3) petitioner was not present at five sidebar conferences, and thus was denied the right to be present during material stages of the trial; (4) the evidence was legally insufficient to convict petitioner because there was no evidence that Sergeant Dick was a "peace officer," or that Correctional Officer Scharett suffered a "physical injury," as those terms are defined in the statute; and (5) the verdict was against the weight of the evidence. (SR. 1-20).

On December 23, 2016, the Appellate Division, Fourth Department, unanimously affirmed the judgment of conviction. *German*, 145 A.D.3d at 1550. The Appellate Division concluded that petitioner had "failed to preserve for our review his contention that he was deprived of due process as a result of being shackled within the view of the jurors beginning on the second day of trial," and had likewise "failed to preserve for our review his contention that County Court erred in failing to give a curative instruction regarding [petitioner's] wearing of shackles." *Id*. The Appellate Division "declined to exercise our power to review those contentions as a matter of our discretion . . . ." *Id*.

The Appellate Division also relied on procedural grounds to deny review of petitioner's contention that he was wrongfully excluded from material stages of his trial. The Appellate Division held that this claim was "not reviewable because [petitioner] failed to provide 'an adequate record for appellate review.'" *Id*.

The Appellate Division reached the merits of petitioner's final two arguments on

appeal.  It concluded that the evidence, viewed in the light most favorable to the

People, was legally sufficient to support petitioner's conviction because the term "peace

officer" included a correctional officer such as Sergeant Dick, and the evidence showed

that both correctional officers sustained a "physical injury," which the statute defined as

"impairment of physical condition or substantial pain." *Id*.  The Appellate Division

likewise found that the jury's verdict was not against the weight of the evidence

presented at trial. *Id*.

Plaintiff applied for leave to appeal to the New York Court of Appeals, again

assisted by counsel. (SR. 345-46).  He raised the following  arguments: (1) the legal

issues related to shackling were preserved for review because trial counsel had raised

them in a pre-trial motion; (2) the prosecution failed to establish that Sergeant Dick was

a peace officer, so the evidence was insufficient to support a guilty verdict for second

degree assault; and (3) petitioner's exclusion from sidebar conferences prevented him

from providing an adequate record for appellate review. (*Id*.)   On February 28, 2017,

the Court of Appeals denied leave to appeal.  *German*, 28 N.Y. 3d at 1184.

## II.     Generally Applicable Law

### A.     Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

The AEDPA provides that, when a state court has adjudicated the merits of a

petitioner's constitutional claim, a federal court may grant an application for a writ of

habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  *See also, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008).  This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted).

To determine whether a state-court decision is contrary to clearly established Supreme Court precedent, the federal court must consider whether the state court decision "'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Id*. at 182  (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)) (alterations in original).  A state court decision involves an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case.  *See Williams*, 529 U.S. at 413; *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000).

Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo.  Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).  Finally, the Supreme Court has held that circuit and district court decisions do not constitute "clearly established Federal Law, as determined by the Supreme Court." *Parker v.*

7

*Matthews*, 567 U.S. 37, 132 S. Ct. 2148, 2155 (2012).  Instead, circuit court decisions may illustrate the "possibility" of fairminded disagreement, sufficient to justify denying the writ.  *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1703 n.3 (2014).

### B.    Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation and other citations omitted)); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.*; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994).

"A habeas petitioner has a number of ways to fairly present a claim in state court without citing 'chapter and verse' of the Constitution, including '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" *Hernandez v. Conway*, 485 F. Supp. 2d 266, 273 (W.D.N.Y. 2007) (quoting *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982)).

### C.    Procedural Default

A federal judge may not issue a writ of habeas corpus if an adequate and

independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). A federal habeas court generally will not consider a federal issue if the last state court decision to address the issue "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)) (emphasis added). This rule applies whether the independent state law ground is substantive or procedural. *Id*.

There are certain situations in which the state law basis for decision will not be considered "adequate": (1) where failure to consider a prisoner's claims will result in a "fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); (2) where the state procedural rule was not "'firmly established and regularly followed,'" *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *James v. Kentucky*, 466 U.S. 341, 348-349 (1984); and (3) where the prisoner had "cause" for not following the state procedural rule and was "prejudice[d]" by not having done so. *Wainwright v. Sykes*, 433 U.S. at 87. In certain limited circumstances, even firmly established and regularly followed rules will not prevent federal habeas review if the application of that rule in a particular case would be considered "exorbitant." *Garvey v. Duncan*, 485 F.3d at 713-14 (quoting *Lee v. Kemna*, 534 U.S. at 376).

In order to find that the application of a generally sound rule is exorbitant, the court considers (1) whether the alleged procedural violation was actually relied upon by the state court and whether perfect compliance with the state rule would have changed the court's decision; (2) whether state caselaw indicated that compliance with the rule

9

was demanded in the specific circumstances presented; and (3) whether petitioner "substantially complied" with the rule given the realities of trial and whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003).

In addition, if the court finds that petitioner has failed to exhaust his claims, but he cannot return to state court, petitioner's claims are then "deemed" exhausted, but would be barred by procedural default. *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994). As stated above, a state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that the constitutional violation has resulted in the conviction of one who is "actually innocent." *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012); *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). The actual innocence prong is referred to as the fundamental miscarriage of justice exception. *Rivas, supra*. "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

### III.     Analysis of Petitioner's Claims

#### A.     Shackling and Lack of Related Jury Instruction - Procedural Default

Petitioner claims that the trial court deprived him of a fair trial by ordering that

he be placed in leg shackles for the majority of his trial, without providing adequate

justification on the record. (Pet. at 1).  He further claims that the trial court compounded

its constitutional error by failing to provide a curative instruction to the jury that would

minimize the inherent prejudice created by the shackles. (*Id*.)  Petitioner raised these

claims at the Appellate Division, and the state appellate court found that petitioner had

not preserved either issue for its review.  *German*, 117 A.D.3d at 1550.  The Appellate

Division then declined to review the merits of petitioner's claims.  *Id*.

Although the Appellate Division did not specifically state the basis for the

procedural default in its narrative, the court cited, *inter alia*, N.Y. Crim. Proc. Law §

470.05(2) in its discussion of these claims.  *Id*.  This state law provision provides that a

party claiming error must have objected at a time when the court had an opportunity to

correct it.  This rule requiring a contemporaneous objection is "firmly established and

regularly followed," and thus, sufficient for finding a procedural default.  *Golson v.*

*Griffin*, No. 1:13-CV-92, 2017 WL 1176049, at *5 (W.D.N.Y. Mar. 30, 2017) (citing

*inter alia Cotto v. Herbert*, 331 F.3d at 244).  Thus, the Appellate Division clearly

relied upon a procedural default in denying petitioner's "fair trial" claims, and this

court must determine whether cause and prejudice exists.

Petitioner had not argued that there was any "objective, external factor" that

prevented a timely objection to the judge's shackling order on the second day of trial,

11

nor does the court see any basis in the record for such an argument.[5]  Since petitioner has not demonstrated any cause for his procedural default concerning these claims, this court need not decide whether the requisite prejudice exists because federal habeas relief is unavailable on procedurally defaulted claims unless both cause and prejudice are demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).  There is no indication that application of this "firmly established and regularly followed" procedural rule should be considered exorbitant.

    To qualify for the fundamental miscarriage of justice exception, the petitioner must have a claim of "actual innocence that is both 'credible' and 'compelling.'" *Rivas*, 687 F.3d at 541 (quoting *House v. Bell*, 547 U.S. 518, 521, 538 (2006)).  Although petitioner testified that he was innocent during his trial, the jury clearly ascribed more weight to the contradictory testimony provided by Sergeant Dick, Correctional Officer Scharett, and other witnesses who were present during the incident at Auburn. Petitioner has not shown any basis to disturb that conclusion, and therefore this court recommends that habeas corpus relief be denied as to these claims.

## B.  Sidebar Conferences - Procedural Default

    Petitioner claims that he was prevented from participating in five sidebar conferences over the course of the trial, which excluded him from material stages of the

---

[5] Examples of such objective, external factors include interference by officials, ineffective assistance of counsel, or proof that the factual or legal basis for a claim was not reasonably available at trial.  *Gary v. Conway*, No. 9:03-CV-480 (LEK), 2006 WL 3290149, at *7 (collecting cases).

proceeding in violation of the Constitution.[6] (Pet. at 1). He raised the same claim before the Appellate Division, which found that it was "not reviewable because [petitioner] failed to provide 'an adequate record for appellate review.'" As part of its decision, the Appellate Division relied upon *People v. Valasquez*, 1 N.Y. 3d 44, 48 (2003). In *Valazquez*, the New York Court of Appeals held that a defendant could not establish that he was absent from a material stage of the trial merely because his presence was not affirmatively noted in the trial transcript. *Id.* The Appellate Division's determination thus rested on an adequate and independent procedural ground. *Hickey v. Conway*, No. 9:03-CV-350, 2005 WL 1660115, at *6 (N.D.N.Y. July 6, 2005) (state appellate determination that petitioner had failed to present a sufficient factual record for review was an independent and adequate state ground that precluded habeas review); *see also Andrade v. Heath*, No. 11 Civ 1086 (KBF), 2012 WL 3848397, at *8 (S.D.N.Y. Aug. 20, 2012) (collecting cases).

Petitioner has shown neither cause for the default, nor prejudice resulting from his absence from the sidebar conferences, nor can petitioner show that the failure to consider this federal claim will lead to a "miscarriage of justice." Therefore, this court recommends that habeas relief be denied as to this claim.

### C.    Sufficiency of Evidence Claims

### 1.    Partial Failure to Exhaust/Procedural Default

Petitioner was found guilty of two second degree assault charges, and claimed in

---

[6] Petitioner advised the Appellate Division that the content of most of these sidebar conferences was unknown, because they were not recorded in the transcript. (Pet. at 25-26).

his application that there was insufficient evidence to convict him of either charge.
Specifically, he argues that, although Sergeant Dick testified that he was a correctional
officer, there was insufficient evidence that he was a peace officer as defined by statute.
(Pet. at 28).  He also argues that there was insufficient evidence that Correctional
Officer Scharett suffered a physical injury during the incident. (Pet. at 28-29).  He
raised identical claims before the Appellate Division, which denied both on the merits.

In his request for leave to appeal to the New York Court of Appeals, petitioner
only raised the insufficient evidence claim related to Sergeant Dick's status as a peace
officer.  (SR 345-46).  The request does not mention the evidence regarding
Correctional Officer Scharett's injury.

When a petitioner omits an argument in his leave application before the Court of
Appeals, that claim is unexhausted, notwithstanding his inclusion of the Appellate
Division briefs which raised the issue.  *Brown v. Perlman*, No. 07 Civ. 8672, 2008 WL
2009220, at *20-22 & nn. 36 & 37 (S.D.N.Y. May 8, 2008) (discussing multiple
Second Circuit and district court cases); *Alston v. Senkowski*, 210 F. Supp. 2d 413, 417-
18 (S.D.N.Y. 2002) (citing *Grey v. Hoke*, 933 F.2d 117 (2d Cir. 1991)).

Although petitioner's claim is unexhausted, he cannot return to state court to
exhaust the issue.   Because the insufficient evidence  claim is "record-based," it must
be raised on direct appeal.  Petitioner has already filed a direct appeal in the Appellate
Division.  He cannot return to the Court of Appeals because New York permits only
one application for direct review.  *Oquendo v. Senkowski*, 452 F. Supp. 2d 359, 368
(S.D.N.Y. 2006) (citing *Spence v. Superintendent*, 219 F.3d 162, 169-70 (2d Cir. 2000);

*Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)); N.Y. Rules of Court, Court of Appeals § 500.20.

Petitioner would also be unsuccessful in raising this ground in a motion to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10, because the claim would be dismissed due to petitioner's unjustifiable failure to raise the record-based federal claim on direct appeal. The claim is, therefore, "deemed exhausted," but is subject to a procedural bar. This procedural bar is independent and adequate, and is consistently applied. This court will now proceed to consider the sufficiency of evidence as it relates to Sergeant Dick's status as a peace officer.

### 2.    Dismissal on the Merits

The Due Process Clause of the Fourteenth Amendment prohibits conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Consequently, a state prisoner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In evaluating sufficiency, the evidence must be viewed in the light most favorable to the prosecution. *Id*. at 318-319. When considering the sufficiency of the evidence of a state conviction, a habeas court must look to state law to determine the elements of the crime. *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002).

A habeas court must defer to the assessments of the strength of the evidence and credibility of the witnesses that were made by the jury. *Maldonado v. Scully*, 86 F.3d

32, 35 (2d Cir. 1996).  Guilt beyond a reasonable doubt may be established entirely by circumstantial evidence, *id.,* and this evidence must not be reviewed piecemeal, but rather as a whole.  *United States v. Khan*, 53 F.3d 507, 513 (2d Cir.1995).  Hence, a petitioner bears a "very heavy burden" in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence.  *Ponnapula v. Spitzer,* 297 F.3d 172, 179 (2d Cir. 2002) (citing *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir.1993)).  When the court is faced with a record that "supports conflicting evidentiary inferences," it must presume under *Jackson*, that the trier of fact resolved any conflicts in favor of the prosecution, and the court must defer to that resolution.  *Laurey v. Graham*, 596 F. Supp. 2d 743, 760 (W.D.N.Y. 2009).

Under New York law, a defendant is guilty of Assault, Second Degree under N.Y. Penal Law § 120.05 (3) if, "[w]ith intent to prevent a peace officer, [or] a police officer . . . from performing a lawful duty . . . he or she causes physical injury to such peace officer, [or] police officer."  As the Appellate Division noted in regard to the second degree assault charge involving Sergeant Dick, "a 'peace officer' is defined to include a "correction officer [] of any state correctional facility."  *German*, 145 A.D. 3d at 1550 (citations omitted).  Petitioner's argument appears centered on the fact that Sergeant Dick, who testified that he was a correctional officer at the time of the Auburn incident, did not testify that he was also considered a peace officer. (TT. 198-02).  Petitioner also notes that the trial court did not take judicial notice of Sergeant Dick's status as a peace officer, and instead left the question for the jury to resolve. (TT. 454-55).

16

Petitioner's argument ignores Correctional Officer Scharett's testimony that as a correctional officer, he was also considered a peace officer.[7] (TT. 348).  The jury was entitled to make the determination that the term "peace officer" likewise applied to Scharett's fellow correctional officer, Sergeant Dick.  Therefore, this court finds that the Appellate Division did not act contrary to *Jackson v. Virginia* when it refused to disturb the jury determination and held that the evidence was sufficient to convict petitioner of Assault, Second Degree under N.Y. Penal Law § 120.05(3), for the physical injuries inflicted on Sergeant Dick.

As discussed above, petitioner's claim that there was insufficient evidence that Correctional Officer Scharett suffered a "physical injury" under the relevant statute is procedurally defaulted.  However, a brief analysis of this claim shows that it would also fail on the merits.  N.Y. Penal Law § 10.00(9) defines "physical injury" as an "impairment of physical condition or substantial pain."  In order to prove the element of physical injury, the prosecution need only establish that the officer/victim's injuries were more than "mere petty slaps, shoves, kicks, and the like."  *Oree v. Conway*, 10 Civ. 4346, 2011 WL 710602, at *13 (S.D.N.Y. March 1, 2011) (Rep't-Rec.) (collecting cases), *adopted,* 2011 WL 2652575, at*4 (S.D.N.Y. July 7, 2011).  The evidence at trial showed that Correctional Officer Scharett suffered a wrist injury in the incident that caused him to miss a week of work, required physical therapy, and limited him to light

---

[7] The transcript reflects that Correctional Officer Scharett testified that the category of "peace officer" applied broadly to all New York State correctional officers.
Q: And afterwards are you    as a Corrections Officer were you a sworn Peace Officer?
A: Yes, sir. (TT. 348).

duty upon his return. (TT. 354-56). Therefore, the jury had sufficient evidence to convict petitioner of this additional count of second degree assault, and the Appellate Division's determination was not contrary to the clearly established Supreme Court precedent in *Jackson*.

### D.    Weight of the Evidence - Not Cognizable

Section 2254 provides that an application for writ of habeas corpus will be entertained on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims that are rooted in alleged errors of state law are not cognizable in a federal habeas corpus action. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (federal habeas relief does not lie for errors of state law).

It is well-settled that claims attacking a verdict as against the weight of the evidence are not cognizable in a federal habeas proceeding. *See Wright v. Conway*, No. 9:06–CV–0319 (GTS/GHL), 2009 WL 2982978, at *9 (N.D.N.Y. Sept. 14, 2009) ("Because federal habeas corpus review is not available to remedy mere errors of state law. . . no cognizable federal issue is presented by a habeas claim challenging the weight of the evidence adduced at trial." (citation omitted)); *see also Mobley v. Kirkpatrick*, 778 F.Supp.2d 291, 311–12 (W.D.N.Y. 2011) ("A 'weight of the evidence' argument is a pure state law claim grounded in [N.Y.Crim. Proc. Law section 470.15] ...

[thus,] it is not cognizable on habeas review.").  Thus, this court may not re-examine matters of New York State law, and petitioner's weight of the evidence claim should be dismissed on that basis.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated:        February 16, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge