UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL GERMAN,

                                  Petitioner,

                                                                   9:17-CV-0412

v.                                                                    (GTS/ATB)

THOMAS GRIFFIN, Superintendent,

                                Respondent.
_____

APPEARANCES:                                                    OF COUNSEL:

MICHAEL GERMAN, 12-A-2298
  Petitioner, *Pro Se*
P.O. Box 500
Elmira, New York 14902

HON. BARBARA D. UNDERWOOD                  MARGARET A. CIEPRISZ, ESQ.
Acting Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
120 Broadway, 24TH Floor
New York, New York 10271

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this habeas corpus action filed by Michael German

("Petitioner") pursuant to 28 U.S.C. § 2254, is the Report-Recommendation of United States

Magistrate Judge Andrew T. Baxter recommending that Petitioner's Petition be denied and

dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue.

(Dkt. No. 23.) Petitioner filed an Objection to the Report-Recommendation; Respondent has

filed a response; and Petitioner has filed both a reply to Respondent's response and a supplement

to that reply. (Dkt. Nos. 24, 25, 26, 31.) For the reasons set forth below, Magistrate Judge

Baxter's Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

I.     RELEVANT BACKGROUND

   A.     Petitioner's Conviction

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2015 conviction of two counts of assault in the second degree but will simply refer the parties to the relevant portions of Magistrate Judge Baxter's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 23, at Part I.)

   B.     Petitioner's Claims

Generally, in his Petition, Petitioner asserts the following five claims: (1) a claim that the trial court violated his constitutional rights by keeping him in leg shackles during trial; (2) a claim that the trial court failed to give a proper instruction to the jury regarding the leg shackles; (3) a claim that Petitioner was deprived of his right to present at sidebar conferences during trial; (4) a claim that the evidence was legally insufficient to support the charges against him; and (5) a claim that the jury's verdict was against the weight of the evidence. (Dkt. No. 2, at ¶ 13.)

   C.     Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following five findings of fact and conclusions of law: (1) with regard to Petitioner's first and second claims (i.e., that the trial court violated his constitutional rights by placing him in leg shackles during trial and failed to provide a curative instruction to the jury regarding the leg shackles), these claims were not preserved for appeal and Petitioner has not demonstrated either any cause for and actual prejudice from his procedural default with regard to these claims or his

actual innocense; (2) with regard to Petitioner's third claim (i.e., that he was denied the right to be present at sidebar conferences during trial), Petitioner has procedurally defaulted on this claim and (again) has not demonstrated either any cause for and actual prejudice from his procedural default with regard to these claims or his actual innocense; (3) with regard to Petitioner's fourth claim (i.e., that the evidence was legally insufficient to support the charges against him), this claim is without merit based on (a) the fact that Petitioner procedurally defaulted with regard to his claim of lack of physical injury to Correctional Officer Scharett, and (b) Sergeant Dick's testimony that he was a corrections officer, Correctional Officer Scharett's testimony that correctional officers are considered peace officers, and Scharett's testimony that he suffered a wrist injury; and (5) with regard to Petitioner's fifth claim (i.e., argument that the jury's verdict was against the weight of the evidence), this claim fails because claims attacking a verdict as being against the weight of the evidence are not cognizable in a federal habeas proceeding.  (Dkt. No. 23, at Part III.)

### D. Petitioner's Objection to the Report-Recommendation

Generally, in his Objection to the Report-Recommendation, Petitioner asserts the following five arguments: (1) because the prosecution did not offer video evidence of the incident in question, there was insufficient proof to sustain Petitioner's conviction for second degree assault; (2) the prosecution withheld requested exculpatory evidence in violation of the Fourteenth Amendment; (3) the jury instructions were unconstitutional because they failed to inform the jurors that the prosecution bears the burden of proof beyond a reasonable doubt and must overcome the presumption of innocence in order to obtain a conviction; (4) the statute underlying Petitioner's conviction is unconstitutional; and (5) Petitioner received ineffective assistance of counsel at trial because his trial counsel failed to obtain crucial evidence necessary for Petitioner's defense. (Dkt. No. 24.)

### E. Respondent's Response to Petitioner's Objection

Generally, in his response, Respondent asserts the following two arguments: (1) because Petitioner has raised four new grounds for relief which were not previously raised in his Petition to the Court (i.e., that the prosecutor committed a Brady violation, that the jury instructions regarding reasonable doubt and presumption of innocence were unconstitutional, that the statute underlying his conviction is unconstitutional, and that Petitioner received ineffective assistance of counsel), those four claims should not be considered by the Court; and (2) because Petitioner has not objected to any of the findings in the Report-Recommendation, the Court should adopt the Report-Recommendation. (Dkt. No. 25.)

### F. Petitioner's Reply to Respondent's Response

Generally, in his reply to Respondent's response, Petitioner asserts the following three arguments: (1) Petitioner should be permitted to object to the Report-Recommendation now because he forgot to do so clearly in his Objection; (2) the five arguments asserted in his Objection were meant merely to supplemental his original claims, not add new claims; and (3) he is innocent of the crimes of which he was convicted based on the lack of video evidence presented at trial. (Dkt. No. 26.)

### G. Petitioner's Supplemental Reply

Generally, in his supplemental reply, Petitioner attempts to submit to the Court a copy of a letter from counsel, which he believes he included with his habeas petition. (Dkt. No. 31.)

## II.     APPLICABLE LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte*

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court agrees with the recommendation made by Magistrate Judge Baxter.  Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.  (Dkt. No. 23, at Parts I-III).  As a result, the Court accepts and adopts Magistrate Judge Baxter's Report-Recommendation in its entirety for the reasons stated therein, as well as the reasons stated in Respondent's response to Petitioner's Objection.  (*Id*; Dkt. No. 25.)

To those reasons, the Court adds only one point.  Even when construed with the utmost of liberality, Petitioner's Objection fails to specifically challenge any portion of Magistrate Judge Baxter's Report-Recommendation.  Rather, the Objection asserts arguments that were

---

*v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

    [4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

never presented to Magistrate Judge Baxter. As a result, Magistrate Judge Baxter's Report-Recommendation is subject to merely clear error review, which it easily survives. Furthermore, even if the Court were to subject the Report-Recommendation to *de novo* review, it would survive that review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated:     May 22, 2018
           Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge